NO. 07-03-0024-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JANUARY 14, 2004


______________________________



TOM RICHARD DOYLE, JR.
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 359TH DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 02-05-03090-CR; HON. JAMES H. KEESHAN, JR., PRESIDING


_______________________________


 

ABATEMENT AND REMAND



_______________________________



Before JOHNSON, C.J., QUINN and CAMPBELL, JJ.

 Pending before this court is a motion to abate this cause filed by Tom Richard
Doyle, Jr. (appellant). Appellant requests that we remand the cause to the 359th District
Court of Montgomery County, Texas (trial court) for a hearing. The reason for his request
is that the clerk's record is missing a purported jury note delivered to the trial court and its
purported response to the note. Appellant contends that the note is important to his case
because it may involve "stacking" of his sentences which may be impermissible "under the
statute and applicable case law." On December 30, 2003, we directed the parties, via
letter, to determine whether they could stipulate per Texas Rule of Appellate Procedure
34.5(e) to the contents of the purported jury note. The State responded by basically
stating that no one involved in the trial had a recollection of any jury note. Appellant
responded by stating that in discussing the matter with trial counsel there is a belief that
there were "at least three jury notes, and that at least one of them involved the
guilt/innocence phase of the trial." Furthermore in speaking with one of the jurors in the
case, appellant was allegedly told that 1) at least one juror "remembered a note and
response regarding 'stacking,' and also remembered there might have been a couple of
other notes" and 2) that "the jury/court communications [were] left on the table in the jury
room." Needless to say, the parties did not inform this court of any agreement to stipulate
to the contents of the note. 

 Consequently, we abate this appeal and remand the cause to the trial court for
further proceedings. Upon remand, the trial court shall immediately cause notice of a
hearing to be given and, thereafter, conduct a hearing to determine the following: 

 1. whether the jury executed any notes which were forwarded to the trial
court to review and answer;


 2. if such notes were executed, whether the trial court responded to them;
and,


 3. if such notes and responses were made, whether they can be located and
included in the appellate record. 

 

If such notes and responses were made but cannot be found, the trial court is also directed
to 1) determine whether the contents of the missing jury notes and responses can be
accurately re-created, 2) re-create the contents of both the notes and responses, if
possible, and 3) include their re-creation in a supplemental clerk's record pursuant to Rule
34.5 (e) of the Texas Rules of Appellate Procedure. 

 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk's record containing the findings of fact and conclusions
of law alluded to as well as any re-creation of the notes and responses it derived and 2)
a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before February 13, 2004. Should
additional time be needed to perform these tasks, the trial court may request same on or
before February 13, 2004. 

 Finally, all briefing deadlines are stayed until further order from the court. 

 It is so ordered. 

 Per Curiam 


Do not publish.

 



e" Name="Emphasis"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0003-CR 

NO. 07-10-0004-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
17, 2010

 



 

MANUEL FRANCO,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS, 

 

                                                                                         Appellee

____________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NOS. 2009-425,411 & 2009-425,412;
HONORABLE CECIL G. PURYEAR, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Manuel Franco was convicted of possession
with intent to deliver methamphetamine in an amount of less than 400 grams but
at least 200 grams and possession with intent to deliver cocaine in an amount
of less than 200 grams but at least four grams.   He seeks reversal of those convictions by
contending that the trial court erred in failing to grant his motion to
suppress on the basis that the affidavit in support of the search warrant did
not show probable cause.  We disagree and
affirm the judgments.

            Rather than
delve into the factual background of the cause, we simply note that when the
contraband was tendered into evidence via exhibits 7 through 14, the trial
court asked defense counsel:  . . . do
you have any objections to . . . them.  Counsel
responded, [n]o . . . except for the confirmation by DPS for what the
controlled substances are.  Appellant
stating, through counsel, that he had no objection (save for verification of
the type of drug involved) effectively forfeited the complaints now urged on appeal
and regarding the means by which those drugs were secured.  Brown
v. State, 183 S.W.3d 728, 741 (Tex. App.Houston [1st Dist.]
2005, pet. refd).  Accordingly, we
overrule the issue before us.

            The judgments
of the trial court are affirmed.

 

                                                                                    Per
Curiam  

Do
not publish.